IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERI GARIBALDI, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA CORP.,<br><br>    Defendant.<br>_____/ | No. C 13-02223 SI<br><br>**ORDER RE MOTION TO DISMISS** |

Currently before the Court is defendant's motion to dismiss and/or strike plaintiff's third amended complaint. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing scheduled for January 17, 2014. For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART the motion to dismiss.

**BACKGROUND**

The following facts are drawn from the operative complaint. From approximately 2005 until 2013, plaintiff Sheri Garibaldi worked as a part-time teller for defendant Bank of America, in California. Third Amended Complaint ("TAC") ¶¶ 1, 4. Although plaintiff was classified as a "20 hour" part-time employee, she was regularly scheduled to work more than 20 hours per week. *Id.* ¶ 9. As part of her wages received from defendant, plaintiff received paid time off. *Id.* ¶ 13. The amount of vacation employees could earn was accrued based upon their hours. *Id.* ¶ 15. Plaintiff believed that her accrued vacation time would be based upon the actual hours she worked, rather than her hours-based classification. *Id.* ¶¶ 15-16. Instead, plaintiff was awarded her time off based upon her classification as a "20 hour" part-time employee. *Id.* ¶ 16.

1      Defendant also provided a system of "floating holidays" whereby employees accrued additional
2 paid time off if a bank holiday fell on a day an employee was not scheduled to work. *Id.* ¶ 19. Plaintiff
3 believed that these "floating holidays" were the equivalent of additional vacation days. *Id.* However,
4 if "floating holidays" were not used in the year they were earned, the "floating holidays" were lost. *Id.*
5 Additionally, defendant provided employees with ten "occasional illness" days per year, two of which
6 could be used for a purpose other than illness. *Id.* ¶ 22. If an employee's "occasional illness" days were
7 not used, they were lost at the end of the year. *Id.*

8      During her employment, plaintiff worked both at defendant's Belmont, California branch, and
9 its Foster City, California branch. *Id.* ¶ 23. On occasion, plaintiff would work in the morning at one
10 branch, and in the afternoon at the other, causing her to travel during her lunch break. *Id.* ¶¶ 23-26.
11 Plaintiff was not paid for her travel time. *Id.* ¶ 27.

12      Plaintiff filed her initial complaint against defendant in state court. On May 15, 2013, defendant
13 removed the action to federal court. On June 5, 2013, plaintiff filed a first amended complaint. On
14 September 24, 2013, plaintiff filed a second amended complaint. On October 25, 2013, plaintiff filed
15 the operative third amended complaint on behalf of several putative classes and subclasses. *Id.* ¶ 39.
16 These alleged classes include: (1) "the PTO Class" - all current and former part-time, non-exempt
17 employees whose average hours worked or scheduled exceeded their hours-based classification; (2) "the
18 Floating Holiday Class" - all current and former employees who accrued more floating holidays in one
19 year than they actually used; and (3) "the Occasional Illness Class" - all current and former employees
20 who accrued more occasional illness days in one year than they used.[1] *Id.* ¶ 39. Plaintiff brings ten
21 causes of action: (1) breach of contract; (2) failure to pay accrued wages upon termination; (3) failure
22 to pay overtime and/or straight-time pay; (4) missed meal breaks; (5) reimbursement of travel expenses;
23 (6) waiting time penalties; (7) failure to provide accurate wage statements; (8) illegal form of payment

---

[1] Each class is comprised only of California-based Bank of America employees. Plaintiff also alleged subclasses for each above-described class, comprised of only former employees fitting these descriptions. Additionally, plaintiff alleges two other classes, "the Travel Class" and "the Points Class," both of which are subject to a pending settlement between the parties. *See* Defendant's Motion to Dismiss and/or Strike ("Def.'s Mot.") at viii, n.2. The Court will therefore not address these two alleged classes.

2

1 and unlawful coercion; (9) unfair business practices; and (10) a claim under California's Private
2 Attorney General Act ("PAGA").

3 Defendant now moves the Court to dismiss plaintiff's first, second, sixth, seventh, eighth, ninth,
4 and tenth causes of action. Defendant further moves to strike plaintiff's class allegations.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008). As a general rule, the Court may not consider any materials beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). However, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of "matters of public record," such as prior court proceedings, without thereby transforming the motion into a motion for summary judgment. *Id.* at 688-89. If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the

3

1 pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122,
2 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

**1.     First Cause of Action - Breach of Contract.**

Plaintiff's first cause of action alleges a breach of contract based on defendant's alleged failure to provide accrual of paid time off based upon the actual hours worked, as well as defendant's policy of permitting "floating holidays" and "occasional illness days" to lapse if not used in the year they were earned. TAC ¶¶ 49-55. The contract plaintiff references is allegedly contained in defendant's "uniform policies." *Id.* ¶ 50. However, plaintiff does not attach the actual policies on which she relies.[2]

"To state a cause of action for breach of contract, a party must plead the existence of a contract, his or her performance of the contract or excuse for nonperformance, the defendant's breach and resulting damage." *Harris v. Rudin, Richman & Appel*, 74 Cal. App. 4th 299, 307 (Cal. Ct. App. 1999). While a plaintiff need not attach a copy of the allegedly breached contract to the complaint, mere legal conclusions that a contract existed and was breached will be insufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 679.

The Court finds that plaintiff has not sufficiently alleged a breach of contract. Plaintiff's complaint repeatedly references defendant's "uniform policies" regarding accrual of paid time off. *See, e.g.*, TAC ¶¶ 15, 19, 21, 22, 28. However, plaintiff has not provided sufficient factual information for the Court to determine what these "uniform policies" actually are. Because the Court cannot determine the substance of the contract plaintiff claims was breached, her breach of contract claim, as pled, cannot survive.

Plaintiff argues that it should be sufficient for her to plead the legal effect of the contract, and that she has done so here by alleging the essence of what the defendant promised her. *See* Opposition to Motion to Dismiss ("Opp'n") at 5. It is true that plaintiff has alleged the essence of what she believed

---

[2] In its reply, defendant requests that the Court take judicial notice of a portion of defendant's policy regarding accrual of vacation hours. Plaintiff opposes defendant's request, arguing that it is unfair to consider only part of the policy in issue. The Court agrees that it is not proper to rely on only one part of defendant's policies in determining whether plaintiff has sufficiently alleged a breach of contract. Therefore, the Court DENIES defendant's request for judicial notice.

4

she was promised. However, from a reading of plaintiff's current complaint, it is impossible to determine the scope of the alleged contract, and therefore, impossible to determine whether plaintiff has properly alleged a breach.

Accordingly, the Court GRANTS defendant's motion to dismiss plaintiff's breach of contract claim, with leave to amend. If plaintiff chooses to amend this claim, she can avoid repetition of this problem by simply attaching a copy of the relevant "uniform policies" upon which her claim relies.

**2.      Second Cause of Action - Failure to Pay Accrued Wages Upon Termination.**

Plaintiff's second cause of action alleges that defendant violated the California Labor Code by failing to pay its employees all accrued wages upon termination. TAC ¶¶ 56-64. Specifically, plaintiff alleges that, because the defendant calculated accrued vacation time based on its employees' hours-based classifications rather than their actual hours worked or scheduled, the employees were paid less than they should have been for accrued vacation time. *Id.* Additionally, plaintiff alleges that defendant violated the Labor Code by permitting "floating holidays" and "occasional illness days" to lapse if they were not used in the year in which they were earned. *Id.*

Defendant makes several arguments in support of dismissing plaintiff's second cause of action: (1) the California Labor Code claims are preempted by the National Bank Act of 1864 ("NBA"); (2) California law does not require employers to calculate vacation time according to actual hours worked rather than an hours-based classification system; and (3) California law permits "floating holidays" and "occasional illness days" to lapse because they are not subject to the legal requirements for vacation pay. The Court will address each argument in turn.

**A.      Preemption Under the NBA.**

Article VI of the Constitution provides that the laws of the United States "shall be the supreme Law of the Land . . . ." Thus, "state law that conflicts with federal law is without effect." *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516 (1992) (citation and internal quotation marks omitted). There are three ways in which federal law can preempt state law under the Supremacy Clause: (1) if Congress stated its intent that federal law should control through an express statutory provision; (2) if Congress

5

intended federal legislation to occupy the field in a particular area of law; or (3) if it is impossible to comply with both state and federal law or if the state law presents an obstacle to the accomplishment of the purpose of the federal law. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 981 (9th Cir. 2005). When state law involves the exercise of a state's historical police powers, those laws are entitled to a presumption against preemption. *Green v. Bank of Am.*, No. 11-CV-04571-R-AGR, 2013 WL 4614122, at *2 (C.D. Cal. May 30, 2013). The regulation of wages and employment conditions is a classic example of the exercise of a state's historical police powers. *RUI One Corp. v. City of Berkeley*, 371 F.3d 1137, 1150 (9th Cir. 2004) ("States possess broad authority under their police powers to regulate the employment relationship to protect workers within the State.").

The NBA, and regulations promulgated by the Office of the Comptroller of Currency ("OCC") pursuant to the NBA, control the business activities of national banks. *Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 11 (2007). The NBA's purpose is to "protect national banks against intrusive regulation by the states." *Bank of Am. v. City & Cnty. of S.F.*, 309 F.3d 551, 561 (9th Cir. 2002). However, national banks "are subject to state laws of general application in their daily business to the extent such laws do not conflict with the letter or the general purposes of the NBA." *Watters*, 550 U.S. at 11.

Defendant argues that an OCC regulation permitting national banks to adopt compensation plans for their employees directly preempts the California Labor Code. Def.'s Mot. at 8. The Court disagrees. The state of California has broad authority under its police powers to regulate the wages and employment conditions of its citizens. *RUI*, 371 F.3d at 1150. These laws are therefore entitled to a presumption against preemption. The OCC regulation defendant cites does not represent a clear statement of intent by Congress to preempt all state labor laws regarding compensation of employees as they pertain to national banks. Accordingly, the Court finds that the NBA does not preempt plaintiff's claim for failure to pay accrued wages upon termination.

Defendant further contends that application of the California Labor Code to a national bank would frustrate the NBA's purpose by requiring banks to alter their operations from state to state. Def.'s Mot. at 10. The Supreme Court has recognized that "national banks are subject to the laws of the State, and are governed in their daily course of business far more by the laws of the State than of the nation." *Watters*, 550 U.S. at 37 (citation and internal quotation marks omitted). The labor laws upon which

6

plaintiff bases her claim are laws of general applicability, no different for a bank than for any business that wishes to conduct its affairs within California. Requiring a national bank to comply with state labor laws regarding the compensation of employees does not conflict with the business of banking in a manner that would require the Court to find these laws preempted by the NBA.

In sum, the Court finds that the NBA does not preempt plaintiff's second cause of action, based on the California Labor Code, and therefore DENIES defendant's motion to dismiss on this basis.

### B. Manner of Accrued Vacation Time.

Defendant next argues that plaintiff's second cause of action should be dismissed because California law does not require employers to calculate paid time off by hours worked or scheduled, as opposed to by hours-based classification, and defendant's practice therefore did not violate the California Labor Code.

California law does not require employers to offer paid vacation time at all. *Paton v. Advanced Micro Devices, Inc.*, 197 Cal. App. 4th 1505, 1511 (Cal. Ct. App. 2011). Thus, it is the individual employer's prerogative to determine whether to offer paid vacation, as well as how employees may earn paid vacation time. Therefore, the defendant's decision to base accrued vacation time upon employees' hours-based classifications rather then their actual hours worked or scheduled does not violate California law.

Accordingly, to the extent plaintiff's second cause of action is based upon the underpayment of vacation time due to the hours-based classification of individual employees, defendant's motion to dismiss the second cause of action is GRANTED, without leave to amend.

### C. Classification of Paid Time Off.

Defendant next argues that plaintiff's second cause of action should be dismissed because "floating holidays" and "occasional illness days" are not the same as vacation days, and it therefore does not violate California law when unused days expire at the end of the year.

If an employer in California chooses to offer its employees paid vacation time, Labor Code section 227.3 provides that "all vested vacation shall be paid to [the employees] as wages at [their] final

7

rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination." California law considers paid vacation time a form of deferred compensation. *Paton*, 197 Cal. App. 4th at 1518. "Because vacation is deferred compensation, earning it is not conditioned upon anything other than the employee's rendering services for the employer." *Id.* at 1519. By contrast, paid time off that is conditioned upon the occurrence of a specific event is not considered vacation time. *Id.* (noting that paid time off conditioned upon a particular holiday, or for illness or bereavement, is not vacation time under California law). Thus, under California law, vacation time "is paid time off that accrues in proportion to the length of the employee's service, is not conditioned upon the occurrence of any event or condition, and usually does not impose conditions upon the employee's use of the time away from work." *Id.*

The "floating holidays" defendant offered its employees are not vacation time under California law. "Floating holidays" were paid time off offered to employees only upon the condition that they were not scheduled to work on a bank holiday. TAC ¶ 19. This paid time off was conditioned upon the happening of a specific occurrence. Therefore, "floating holidays" are not vacation time, and they are not subject to Labor Code section 227.3's anti-forfeiture provision. Accordingly, to the extent plaintiff's second cause of action is premised upon the expiration of "floating holidays," defendant's motion to dismiss is GRANTED, without leave to amend.

Similarly, the "occasional illness days" are not vacation time under California law. Unlike true vacation time, "occasional illness days" only vest upon the occurrence of a particular happening – the employee's illness. However, plaintiff alleges that two of the allotted ten "occasional illness days" could be taken for any reason, not just illness. Without actual policies upon which to rely, the Court cannot at this time determine whether these two, apparently unconditioned leave days, constitute vacation time. Accordingly, to the extent plaintiff's second cause of action is premised upon the expiration of the eight "occasional illness days" that must be taken for actual illness, defendant's motion to dismiss is GRANTED, without leave to amend. However, with respect to the two "occasional illness days" that can allegedly be taken for any reason, defendant's motion is GRANTED, with leave to amend. If plaintiff chooses to amend, she should consider attaching a copy of the actual policy

8

regarding "occasional illness days" so the Court can adequately determine whether they constitute vacation time.

### 3. Sixth Cause of Action - Waiting Time Penalties.

In her sixth cause of action, plaintiff alleges that defendant is liable, under Labor Code section 203, for waiting time penalties, equal to thirty days of its employees' wages, for all wages not paid to those employees upon termination. TAC ¶ 84. Defendant makes three arguments in favor of dismissing this cause of action: (1) it is preempted by the NBA; (2) it is derivative of plaintiff's other claims of underpayment; and (3) the presence of a good faith dispute regarding what defendant was legally required to pay its employees will preclude the finding of willfulness that section 203 requires. The Court will address each argument in turn.

#### A. Preemption Under the NBA.

For the same reasons discussed above with regard to plaintiff's second cause of action, the Court finds that the NBA does not preempt the applicable Labor Code section. Accordingly, to the extent defendant's motion to dismiss is based upon preemption, it is DENIED.

#### B. Derivative of Other Claims.

Defendant next argues that, because plaintiff's sixth cause of action is derivative of what it considers her other failed claims, it must be dismissed.

To the extent plaintiff's sixth cause of action is premised upon "floating holidays," the motion to dismiss is GRANTED, without leave to amend because the Court has already found that "floating holidays" are not vacation time. To the extent it is premised upon the expiration of the eight "occasional illness days" that were conditioned upon actual illness, the motion is GRANTED, without leave to amend because the Court has already found that those days are not vacation time. To the extent it is premised upon the two remaining "occasional illness days," the motion is GRANTED, with leave to amend. To the extent it is based upon failure to pay overtime, travel time, or the cash value of accrued

9

points, the motion is DENIED, based upon defendant's assertion that these issues are the subject of a pending settlement agreement.

### C. Willful Conduct.

Defendant next asserts that plaintiff cannot plausibly allege that defendant's alleged underpayment was willful, which would preclude waiting time penalties under section 203. The Court finds that this matter is not appropriate for resolution at the motion to dismiss stage. Viewing the factual allegations in the light most favorable to plaintiff and drawing all reasonable inferences in her favor, as must be done in ruling on a motion to dismiss, the Court cannot say that plaintiff can present no set of facts that would support a finding of willfulness.

Therefore, to the extent defendant's motion to dismiss the sixth cause of action is based on plaintiff's inability to prove willful conduct, the motion is DENIED.

## 4. Seventh Cause of Action - Failure to Provide Accurate Wage Statements.

In her seventh cause of action, plaintiff alleges that defendant violated Labor Code sections 226 and 226.3 by failing to provide its employees with accurate statements of the hours worked, and the paid time off each employee accrued in each pay period. Defendant makes four arguments in favor of dismissing this cause of action: (1) it is preempted by the NBA; (2) it is derivative of plaintiff's other claims of underpayment; (3) defendant was not required to list accrued vacation time for each pay period; and (4) there is no private right of action available under section 226.3. The Court will address each argument in turn.

### A. Preemption Under the NBA.

For the same reasons discussed above with regard to plaintiff's second cause of action, the Court finds that the NBA does not preempt the applicable Labor Code section. Accordingly, to the extent defendant's motion to dismiss is based upon preemption, it is DENIED.

### B. Derivative of Other Claims.

Defendant argues that plaintiff's seventh cause of action is derivative of her other claims that it views as having failed. The only manner in which the seventh cause of action is related to plaintiff's other claims of underpayment, is that it includes "floating holidays" and "occasional illness days" with the vacation time that plaintiff alleges should have been included in each wage statement. Therefore, the Court finds that the seventh cause of action is not derivative of plaintiff's other claims and DENIES defendant's motion on this basis.

### C. Accurate Wage Statements.

Defendant next argues that California law imposes no duty upon employers to include accrued vacation time in wage statements during each pay period.

As noted above, California law treats paid vacation time as a form of deferred compensation. *Paton*, 197 Cal. App. 4th at 1518. Even though it is earned simply as a function of the employee working over time, vacation time is not actually "paid" to the employee at the time it is earned. *Suastez v. Plastic Dress-Up Co.*, 31 Cal. 3d 774, 779 (1982). Labor Code section 226 does not require employers to list the paid vacation time an employee has accrued or "earned" during a particular pay period; instead, it requires that employees be able to readily ascertain "[t]he amount of the gross wages or net wages paid to the employee during the pay period . . . ." *Id.* § 226(e)(2)(B)(I). Therefore, to the extent plaintiff's seventh cause of action is based on defendant's failure to include the vacation time earned during each pay period, defendant's motion to dismiss is GRANTED, without leave to amend. However, to the extent the seventh cause of action is based on an inaccurate reporting of the hours worked or the proper rate of pay, the motion is DENIED.

### D. Section 226.3.

Defendant further argues that, to the extent plaintiff's seventh cause of action is based upon Labor Code section 226.3, it must be dismissed because that section provides no private right of action. Plaintiff contends that, while there is no private right of action available, her section 226.3 claim can be brought under PAGA. Section 226.3 is not one of the Labor Code sections PAGA encompasses. *See*

11

Cal. Lab. Code § 2699.5. Therefore, to the extent plaintiff's seventh cause of action is premised upon section 226.3, the motion to dismiss is GRANTED, without leave to amend.

**5.     Eighth Cause of Action - Illegal Form of Payment and Unlawful Coercion.**

Plaintiff's eighth cause of action alleges that defendant paid its employees in points, and compelled its employees to purchase items through its online store, in violation of Labor Code sections 212(a)(2) and 450. TAC ¶¶ 93-95. Defendant's sole argument for dismissing this cause of action is that it is preempted by the NBA. For the same reasons discussed above with regard to plaintiff's second cause of action, the Court finds that the NBA does not preempt these Labor Code sections. Accordingly, defendant's motion to dismiss plaintiff's eighth cause of action is DENIED.

**6.     Ninth Cause of Action - Unfair Business Practices.**

Plaintiff's ninth cause of action asserts a claim under California Business and Professions Code section 17200, for unfair business practices. Defendant moves to dismiss because this claim is wholly dependent upon plaintiff's other claims which defendant argues are legally insufficient. Because the Court has found that not all of plaintiff's claims must be dismissed, defendant's motion to dismiss plaintiff's ninth cause of action is DENIED.

**7.     Tenth Cause of Action - PAGA Claims.**

In her tenth cause of action, plaintiff seeks appropriate civil penalties for defendant's alleged violations of the appropriate Labor Code sections, pursuant to PAGA. Defendant argues that this cause of action must fail because all of the underlying causes of action on which it is based should be dismissed. Because the Court has found that at least some of the relevant claims survive this motion, defendant's motion to dismiss plaintiff's tenth cause of action is DENIED.

**8.     Motion to Strike Class Allegations.**

Finally, defendant argues that plaintiff's class allegations should be dismissed or stricken. The Court disagrees.

12

Motions to strike class allegations are rarely granted at the pleading stage. *See In re Wal-Mart, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614-15 (N.D. Cal. 2007). The better practice is to assess class allegations through a motion for class certification. *Cruz v. Sky Chefs, Inc.*, No. C–12–02705 DMR, 2013 WL 1892337, at * 6 (N.D. Cal. May 6, 2013) (citing cases from both before and after *Twombly* for the proposition that class allegations should rarely be stricken at the pleading stage). Therefore, the Court DENIES the defendant's motion to dismiss or strike the class allegations.

**CONCLUSION**

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court hereby GRANTS IN PART AND DENIES IN PART defendant's motion to dismiss. The Court further DENIES defendant's motion to strike the class allegations. **Any amended complaint must be filed not later than February 14, 2014**. This order resolves Docket No. 35.

**IT IS SO ORDERED.**

Dated: January 15, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE