IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERI GARIBALDI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BANK OF AMERICA CORP.,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　／ | No. C 13-02223 SI<br><br>**ORDER RE MOTION TO DISMISS** |

Currently before the Court is defendant Bank of America Corporation's motion to dismiss, or in the alternative, to strike portions of plaintiff Sheri Garibaldi's fourth amended complaint. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing scheduled for April 4, 2014. For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART the motion to dismiss.

**BACKGROUND**

The Court set forth the relevant factual background of this case in its Order on the defendant's previous motion to dismiss, and so will not repeat it here. *See Garibaldi v. Bank of Am. Corp.*, No. C 13-02223 SI, 2014 WL 172284, at *1 (N.D. Cal. Jan. 15, 2014). On February 13, 2014, pursuant to the Court's prior Order, plaintiff filed her fourth amended complaint ("FAC"). The FAC contains ten causes of action, and related class allegations.

On March 3, 2014, defendant filed a motion to dismiss, or in the alternative, to strike portions of the FAC. Defendant asks the Court to dismiss: (1) plaintiff's first cause of action for breach of contract; (2) plaintiff's second cause of action for failure to pay accrued wages upon termination; (3) plaintiff's sixth cause of action for waiting time penalties; (4) plaintiff's seventh cause of action for failure to provide accurate wage statements; (5) plaintiff's ninth cause of action for unfair business

practices; and (6) plaintiff's tenth cause of action for penalties under the Private Attorney General Act ("PAGA").

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). As a general rule, the Court may not consider any materials beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). However, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of "matters of public record," such as prior court proceedings, without thereby transforming the motion into a motion for summary judgment. *Id.* at 688-89. If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

2

**DISCUSSION**

Defendant moves the Court to dismiss plaintiff's first, second, sixth, seventh, ninth, and tenth causes of action. Defendant argues that: (1) plaintiff's first cause of action is deficient because the employee handbook at issue does not constitute a contract, and even if its does, the handbook's language contradicts plaintiff's allegations; (2) plaintiff's second cause of action is deficient because the "occasional illness" days are not subject to the legal requirements for vacation; (3) plaintiff's sixth cause of action is deficient because it is wholly derivative of her other failed claims; (4) plaintiff's seventh cause of action is deficient because it is wholly derivative of her other failed claims; (5) plaintiff's ninth cause of action is deficient because it is wholly derivative of her other failed claims; and (6) plaintiff's tenth cause of action is deficient because it is wholly derivative of her other failed claims. Defendant also moves to strike plaintiff's class allegations and plaintiff's reference to "floating holidays." The Court will address each argument in turn.

**1.    First Cause of Action - Breach of Contract.**

Plaintiff's first cause of action alleges a breach of contract based on defendant's alleged failure to provide accrual of paid time off based upon the actual hours worked, as well as defendant's policy of permitting "occasional illness days" to lapse if not used in the year they were earned. FAC ¶¶ 66-69. In its prior Order, the Court granted defendant's motion to dismiss plaintiff's first cause of action because plaintiff failed to attach a copy of the employee handbook she claimed constituted a contract between the parties. *Garibaldi*, 2014 WL 172284, at *3. Plaintiff therefore attached portions of the employee handbook to her FAC. However, defendant contends that plaintiff omitted the portion of the handbook entitled "About this Handbook," and asks the Court to take judicial notice of this omitted portion. The Court finds that this excerpt is properly subject to judicial notice and therefore GRANTS defendant's request for judicial notice of the handbook excerpt.[1]

Defendant argues that the employee handbook did not create a contract between the parties due to language contained in the "About this Handbook" portion of the employee manual. Specifically, the

---

[1] In its reply, defendant also asks the Court to take judicial notice of plaintiff's employee profile, allegedly taken from defendant's payroll system. The Court will not rely on this document in this Order and therefore DENIES AS MOOT the request for judicial notice appended to defendant's reply.

3

excerpt states that "[t]he provisions of the Associate Handbook do not establish enforceable rights, contractual or otherwise, and they do not establish an employment relationship enforceable by associates." Defendant's Motion to Dismiss ("Def.'s Mot."), Ex. A.

"To state a cause of action for breach of contract, a party must plead the existence of a contract, his or her performance of the contract or excuse for nonperformance, the defendant's breach and resulting damage." *Harris v. Rudin, Richman & Appel*, 74 Cal. App. 4th 299, 307 (Cal. Ct. App. 1999). A valid contract requires the consent of the contracting parties; that is, mutual assent. *Donovan v. RRL Corp.,* 26 Cal. 4th 261, 270 (2001). Mutual assent requires that an offer be communicated to the offeree, who in turn communicates acceptance to the offeror. *Id.* at 270-71.

"When an employer promulgates formal personnel policies and procedures in handbooks, manuals, and memoranda disseminated to employees, a strong inference may arise that the employer intended workers to rely on these policies as terms and conditions of their employment, and that employees did reasonably so rely." *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 344 (2000). When an employer chooses to promulgate a written employee handbook, its terms "must be a central focus of the contractual analysis." *Id.* at 345. Although disclaimer language in an employee handbook is not necessarily controlling in every case, neither should courts ignore such language when ascertaining the terms of the employment relationship. *Id.* at 340.

"Where an employee handbook expressly states that it is not intended to constitute a contract or to limit the employer's ability to terminate its employees at will, however, courts have generally held that the handbook does not give rise to contractual rights." *Aboulhosn v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 940 F. Supp. 2d 1203, 1223 (C.D. Cal. 2013); *see also Ashbey v. Archstone Prop. Mgmt., Inc.*, No. SACV 12–0009 DOC (RNBx), 2012 WL 1269122, *6 (C.D. Cal. Apr. 13, 2012) (noting that several state and federal courts within California have held that no contract is created where an employer's handbook expressly states that it creates no contractual rights); *Bianco v. H.F. Ahmanson & Co.*, 897 F. Supp. 433, 439-40 (C.D. Cal. 1995) ("An employee handbook which states on its face that it 'is not intended to constitute or create, nor is it to be construed to constitute or create, the terms of an employment contract' cannot be a promise or a commitment to future behavior."); *Haggard v. Kimberly Quality Care*, 39 Cal. App. 4th 508, 515, 522-23 (Cal. Ct. App. 1995) (reversing a jury verdict for the

employee where the handbook stated it was "not intended to give rise to contractual rights or obligations").

The Court finds that defendant's employee handbook did not create a contract. The handbook expressly states that it does "not establish enforceable rights, contractual or otherwise . . . ." Def.'s Mot. Ex. A. The handbook further states that defendant retained the right to modify, suspend, or terminate the handbook's terms at any time. *Id.* The Court finds that the handbook did not create a contract to calculate paid time off in the manner plaintiff contends. Thus, plaintiff's cause of action for breach of contract must fail since she has not alleged the existence of a contract.

Plaintiff argues that, notwithstanding the handbook's disclaimer language, an implied-in-fact contract existed between the parties, the terms of which included defendant's obligation to calculate employees' paid time off according to their actual hours scheduled, as opposed to their hours-based classifications. An implied-in fact-contract shares the same elements as an express contract, except that offer and acceptance are implied from the parties' conduct. *See Design Data Corp. v. Unigate Enterprise, Inc.*, No. C 12-4131 PJH, 2013 WL 360542, *7 (N.D. Cal. Jan. 29, 2013) (quoting *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 458-59 (6th Cir. 2001)).

Plaintiff has not sufficiently alleged an implied-in-fact contract. Plaintiff alleges that defendant, through its employee handbook, promised to calculate paid time off "based on a combination of job band, length of service, scheduled hours, flexible work arrangement, and assignment status." FAC ¶ 26 (emphasis omitted). However, plaintiff further alleges that defendant never calculated its employees' paid time off based on anything other than the employees' hours-based classifications. *Id.* ¶ 27. Thus, plaintiff has failed to allege that defendant's conduct indicated that it ever intended to calculate paid time off in the manner plaintiff contends it should have been calculated. In other words, plaintiff has failed to alleged that the parties mutually assented to the terms plaintiff alleges, and she has therefore failed to allege the existence of an implied-in-fact contract.

Accepting plaintiff's allegations as true, and drawing all reasonable inferences in plaintiff's favor, the Court concludes that plaintiff has failed to allege the existence of a contract, whether express or implied-in-fact. Although normally a court should grant leave to amend, it need not where amendment would be futile. Because the Court has found that no contract existed in this case, plaintiff's

5

1 breach of contract claim is legally barred. Accordingly, the Court GRANTS defendant's motion to
2 dismiss plaintiff's first cause of action for breach of contract, with prejudice.

### 2. Second Cause of Action - Failure to Pay Accrued Wages Upon Termination.

Plaintiff's second cause of action alleges that defendant violated the California Labor Code by failing to pay its employees all accrued wages upon termination.[2] FAC ¶¶ 71-77. Specifically, plaintiff alleges that, because defendant calculated accrued vacation time based on its employees' hours-based classifications rather than their actual hours worked or scheduled, the employees were paid less than they should have been for accrued vacation time. *Id.* Additionally, plaintiff alleges that defendant violated the Labor Code by permitting "occasional illness days" to lapse if they were not used in the year in which they were earned. *Id.*

In its prior Order, the Court granted defendant's motion to dismiss the second cause of action as to the eight occasional illness days that could only be taken for actual illness, but granted plaintiff leave to amend as to the two occasional illness days that could allegedly be taken for other reasons. *Garibaldi*, 2014 WL 172284, at *5. The Court suggested that plaintiff attach to her amended complaint a copy of the policies on which her claim relied, which she did.

If an employer in California chooses to offer its employees paid vacation time, Labor Code section 227.3 provides that "all vested vacation shall be paid to [the employees] as wages at [their] final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination." California law considers paid vacation time a form of deferred compensation. *Paton v. Advanced Micro Devices, Inc.*, 197 Cal. App. 4th 1505, 1518 (Cal. Ct. App. 2011). "Because vacation is deferred compensation, earning it is not conditioned upon anything other than the employee's rendering services for the employer." *Id.* at 1519. By contrast, paid time off that is conditioned upon the occurrence of a specific event is not considered vacation time. *Id.*

---

[2] Plaintiff's second cause of action also alleges violations of the Labor Code based on alleged violations involving travel and payment through a points-based system. However, because the parties both state that they have reached agreement regarding these other alleged violations, the Court will only address the second cause of action as it relates to "occasional illness days."

6

(noting that paid time off conditioned upon a particular holiday, or for illness or bereavement, is not vacation time under California law). Thus, under California law, vacation time "is paid time off that accrues in proportion to the length of the employee's service, is not conditioned upon the occurrence of any event or condition, and usually does not impose conditions upon the employee's use of the time away from work." *Id.*

Defendant provides its employees with ten occasional illness days per year. FAC Ex. 1 at BANA-0000151. Up to two of those days could be used for personal reasons, subject to manager approval. *Id.* Defendant's policies provide that the employee "should work with [her] manager to schedule occasional illness days based on business needs and practices within the business unit." *Id.* at BANA-0000152. Defendant likewise requires employees to seek manager approval before using accrued vacation days. *Id.* at BANA-0000150. In nearly identical language, defendant's policies provide that the employee should schedule vacation time in advance, and "must obtain manager approval based on business needs and practices within the business unit." *Id.*

Plaintiff has sufficiently alleged that the two occasional illness days that could be used for any reason, subject only to manager approval, are functionally vacation days, not subject to forfeiture under California law. These two occasional illness days vest with each employee's day-to-day employment, not by virtue of a particular event or occurrence. *See Paton*, 197 Cal. App. 4th at 1519. Thus, plaintiff's allegation that the two occasional illness days are the functional equivalent of vacation days is sufficient to survive defendant's motion.

Defendant argues that the two occasional illness days are not a vacation equivalent because they are conditioned on managerial approval. Defendant's own policies belie this contention. The handbook section on occasional illness days is relatively brief, requiring only that the employee "should work with [her] manager to schedule occasional illness days based on business needs and practices within the business unit." FAC Ex. 1 at BANA-0000152. By contrast, defendant vests managers with comprehensive powers to grant or withhold vacation time. *Id.* at BANA-0000150. For example, managers may require that vacation time be taken in full-week increments, or that it be taken to coincide with a holiday. *Id.* Managers have the power to select and approve the days on which an employee may use her accrued vacation. *Id.* Managers can even reschedule an employee's vacations for staffing or

7

1 other business reasons, and may designate certain times when an employee may not take a vacation at
2 all. *Id.* However, all of these conditions do not act to transform this time into something other than
3 vacation. For the same reason, merely requiring employees to seek manager approval before using their
4 two occasional illness days does not constitute "the occurrence of an[] event or condition" that might
5 render them subject to forfeit. *See Paton*, 197 Cal. App. 4th at 1519.

6 Accordingly, the Court finds that plaintiff has sufficiently alleged a violation of the California
7 Labor Code, and therefore DENIES defendant's motion to dismiss plaintiff's second cause of action.

### 3. Sixth Cause of Action - Waiting Time Penalties.

In her sixth cause of action, plaintiff alleges that defendant is liable, under Labor Code section 203, for waiting time penalties, equal to thirty days of its employees' wages, for all wages not paid to those employees upon termination. FAC ¶¶ 97-100. Defendant argues that this claim must fail because: (1) it is derivative of plaintiff's other claims, which defendant contends should fail; and (2) plaintiff cannot prove that defendant's conduct was willful.

To the extent defendant's motion is premised on the failure of plaintiff's other claims, the motion is DENIED because the Court has found that plaintiff's second cause of action survives this motion to dismiss. To the extent defendant's motion to premised on plaintiff's inability to prove willful conduct, the motion is DENIED because, as the Court stated in its prior Order, it is not clear that plaintiff can present no set of facts that would support a finding of willfulness. *Garibaldi*, 2014 WL 172284, at *6.

### 4. Seventh Cause of Action - Failure to Provide Accurate Wage Statements.

In her seventh cause of action, plaintiff alleges that defendant violated Labor Code sections 226 and 226.3 by failing to provide its employees with accurate statements of the hours worked, and the paid time off each employee accrued in each pay period. FAC ¶¶ 102-104. Defendant moves to dismiss this cause of action, but fails to inform the Court of its argument in favor of dismissal beyond a statement in its Notice of Motion that defendant believes this cause of action should fail because it is derivative of plaintiff's other claims which defendant views as legally deficient. Because the Court has found that

not all of plaintiff's other causes of action must be dismissed, the Court DENIES defendant's motion to dismiss the seventh cause of action.

**5.      Ninth Cause of Action - Unfair Business Practices.**

Plaintiff's ninth cause of action asserts a claim under California Business and Professions Code section 17200, for unfair business practices. FAC ¶¶ 110-111. Defendant argues that this claim is wholly dependent upon plaintiff's other claims which defendant views as legally insufficient. Because the Court has found that not all of plaintiff's claims must be dismissed, defendant's motion to dismiss plaintiff's ninth cause of action is DENIED.

**6.      Tenth Cause of Action - PAGA Claims.**

In her tenth cause of action, plaintiff seeks appropriate civil penalties for defendant's alleged violations of the appropriate Labor Code sections, pursuant to PAGA. FAC ¶¶ 113-118. Defendant argues that this cause of action must fail because all of the underlying causes of action on which it is based should be dismissed. Because the Court has found that at least some of the relevant claims survive this motion, defendant's motion to dismiss plaintiff's tenth cause of action is DENIED.

**7.      Motion to Dismiss or Strike Class Allegations.**

Defendant argues that, notwithstanding the Court's prior Order denying defendant's motion to strike class allegations, the Court should dismiss or strike plaintiff's class allegations now. The Court sees no reason to revisit its prior Order at this time and therefore DENIES defendant's motion to dismiss or strike the class allegations.

**8.      Motion to Strike Pursuant to Rule 12(f).**

Finally, defendant moves to strike the following portions of the complaint: (1) the reference to "floating holidays" in paragraph 69; (2) the class allegations in paragraphs 55-64; (3) the class allegations in paragraphs 66-67, 69, 72-77, 98-100, 103-04, 111, and 118; and (4) the prayer for an order permitting the action to proceed on a class-wide basis. Def.'s Mot. at vii.

9

Federal Rule of Civil Procedure 12(f) provides that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." With regard to defendant's motion to strike the portions of the complaint relating to class actions, the Court finds that the relevant allegations and prayer do not meet the standard Rule 12(f) requires and therefore DENIES defendant's motion to strike. However, regarding the motion to strike the reference to "floating holidays" in paragraph 69, the Court finds that this reference is irrelevant given the Court's prior ruling that "floating holidays" do not constitute vacation. *See Garibaldi*, 2014 WL 172284, at *5. Accordingly, the Court GRANTS defendant's motion to strike the reference to "floating holidays" in paragraph 69.

## CONCLUSION

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court hereby GRANTS defendant's motion to dismiss plaintiff's first cause of action, with prejudice; DENIES defendant's motion to dismiss plaintiff's second, sixth, seventh, ninth, and tenth causes of action; DENIES defendant's motion to dismiss or strike class allegations; and GRANTS IN PART AND DENIES IN PART defendant's motion to strike specified portions of the complaint. This Order resolves Docket No. 52.

**IT IS SO ORDERED.**

Dated: April 1, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE