**McGuire Woods LLP**
Matthew C. Kane (SBN 171829)
    Email: mkane@mcguirewoods.com
Michael D. Mandel (SBN 216934)
    Email: mmandel@mcguirewoods.com
John A. Van Hook (SBN 205067)
    Email: jvanhook@mcguirewoods.com
Christopher Killens (SBN 254466)
    Email: ckillens@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

Attorneys for Defendant
BANK OF AMERICA, N.A.

**BAKER LAW PRACTICE**
Chris Baker (SBN 181557)
    Email: cbaker@bakerlp.com
44 Montgomery Street, Suite 3520
San Francisco, California 94104
Telephone: (415) 433-1064
Facsimile: (415) 520-0446

Attorneys for Plaintiff
SHERI GARIBALDI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERI GARIBALDI, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> BANK OF AMERICA, NATIONAL ASSOCIATION, and DOES 1 through 10, <br><br> Defendants. | CASE NO. 3:13-CV-02223-SI <br><br> **STIPULATION AND [PROPOSED] ORDER TO VACATE THE CLASS CERTIFICATION HEARING DATE AND ALL RELATED DEADLINES** |

**RECITALS**

1.      Plaintiff Sheri Garibaldi ("Plaintiff") filed the above-captioned Complaint in the San Mateo County Superior Court on April 12, 2013;

2.      Defendant Bank of America Corporation ("BAC") removed this case to the United States District Court for the Northern District of California on May 15, 2013;

3.      On June 5, 2013, Plaintiff filed a First Amended Complaint, which, among other things, substituted Bank of America, N.A. ("BANA") for Bank of America Corporation;

4.      The Parties agreed to multiple stipulations of BANA's time to respond to the First Amended Complaint in connection with the Parties' efforts to mediate the case.  The Parties also agreed to engage in informal discovery in connection with these efforts to mediate;

5.      On September 24, 2013, Plaintiff filed her Second Amended Complaint;

6.      On September 27, 2013, the Court held an initial case management conference in this case.  At that conference, the Court set an original date of June 13, 2014 for a hearing on Plaintiff's motion for class certification.  The Court also set a date of March 14, 2014 for Plaintiff to file her motion for class certification;

7.      On October 9, 2013, the Parties took part in a private mediation, and, on October 16, 2013, the parties reached a tentative settlement with respect to the part of the case dealing with the Travel Class and the Points Class;

8.      On October 17, 2013, the parties notified the court of the partial settlement;

9.      On October 25, 2013, Plaintiff filed her Third Amended Complaint;

10.     On November 12, 2013, the Bank filed its first Motion to Dismiss;

11.     On January 15, 2014, the Court granted in part and denied in part the

Bank's motion, and ordered that any amended complaint must be filed no later than February 14, 2014;

13.     On February 13, 2014, Plaintiff filed her Fourth Amended Complaint. The Bank then moved to dismiss the Fourth Amended Complaint.

14.     On April 1, 2014, the Court granted in part and denied in part the Bank's second motion to dismiss.

15.     On April 4, 2014, the Court held a case management conference.  During that conference, the parties discussed potential frameworks to resolving the remainder of Plaintiff's case.  The Court also set a class certification hearing date, while also stating that this date was flexible in the event the parties agreed to another mediation of this matter.  The dates set by the Court were: (1) September 26, 2014 – Final Day for Motion to Certify Class; (2) October 24, 2014 – Opposition Due; (3) November 21, 2014 – Reply Due; (4) December 12, 2014 – Hearing on Motion to Certify Class.

16.     Subsequent to this case management conference, the parties concluded negotiations on settlement of the Travel and Points Classes claims.  That agreement is now out for signature by the parties.

17.     The parties have also agreed to engage in another mediation in an attempt to resolve Plaintiff's entire case.  This mediation may result in the current partial settlement being folded into a complete settlement of all the class claims. Accordingly, the parties have agreed that Plaintiff will not immediately move for preliminary approval of the parties' agreement on the Points and Travel Classes.

18.     The Bank has also agreed to produce certain information to Plaintiff to facilitate the parties' second mediation.

19.     The parties are seeking dates in September 2014 to mediate this case. This will provide the Bank sufficient time to provide the data and Plaintiff sufficient time to analyze the data.  In addition, as of September 2014, both the Bank and Plaintiff will know of the final "opt-in rate" of the MDL Action referenced in the

parties' prior pleadings.  As discussed at the case management conference, the Bank contends that class members who opt-in to the MDL Action will release their claims in this action.  Plaintiff disagrees.  Knowledge of the opt-in rate will therefore facilitate settlement because the parties will be in a position to assign a monetary "value" to their respective legal positions with respect to the effect of the MDL Action on Plaintiff's class claims.

20.    In light of the movement towards a comprehensive settlement of this action, the parties wish to avoid the time and expense of engaging in expensive formal discovery and preparing and opposing a motion for class certification.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff and BANA through their respective undersigned counsel, that the Court vacate the existing class certification hearing date of December 12, 2014 and all associated deadlines.   The parties further request that the Court set a case management conference in October 2014 to discuss the case and, if necessary, reset the class certification hearing deadlines (in the event that a comprehensive settlement is not reached).


DATED: May 65, 2014             **MCGUIREWOODS LLP**


By:    _____/s/ Michael D. Mandel_____
                   Michael D. Mandel
                   Attorneys for Defendant
                   Bank of America, N.A.

DATED: May 6, 2014              **BAKER LAW PRACTICE**


By:    _____
                   Chris Baker
                   Attorneys for Plaintiff
                   Sheri Garibaldi

## [PROPOSED] ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Having read and considered the Parties' STIPULATION TO VACATE THE CLASS CERTIFICATION HEARING DATE AND ALL RELATED DEADLINES, and finding good cause in support thereof, the Court hereby orders that the Class Certification Hearing Date of December 12, 2014 and all associated deadlines vacated.  These dates will be reset by Court when appropriate.


DATED:_____          _____

5/8/14

HON. SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE


A further case management conference has been set on 10/3/14 @ 3 p.m  A joint
case management conference statement shall be filed one week prior to the
conference.

4

1

## <u>CERTIFICATE OF SERVICE</u>

2

       I hereby certify that on May 6, 2014, I electronically transmitted the

3

foregoing document to the Clerk's Office using the CM/ECF System for filing and

4

service via transmittal of a Notice of Electronic Filing.

5

       I declare under penalty of perjury under the laws of the United States of

6

America that the foregoing is true and correct.

7

8

       Executed on May 6, 2014, at San Francisco, California.

9

                              ----------s--------------
10
                                 Chris Baker

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28